### DUTTON et al. v. RAHN, commissioner, et al.

Under the rulings in *Tyson* v. *Board of Education*, 150 *Ga.* 247, and *Stephens* v. *School District*, 154 *Ga.* 275, this court will not reverse the refusal of a temporary injunction against a levy of a school tax on property within the consolidated district here in question.

No. 5074. APRIL 17, 1926.

Petition for injunction. Before Judge Strange. Effingham superior court. August 15, 1925.

*Clarence T. Guyton,* for plaintiffs. *Howell Cone,* for defendants.

GILBERT, J. Dutton et al. sought to enjoin the commissioners of roads and revenues of Effingham County from levying a tax on property within a consolidated school district. The court refused to grant a temporary injunction, and the exception is to that judgment. The pleadings and the evidence make the following case: Several school districts were consolidated under the name of Egypt Consolidated School District. The requisite number of taxpayers and citizens of the consolidated district petitioned the ordinary to order an election to determine whether the district would levy a tax for the purpose of operating the schools in the

district. An election was ordered by the ordinary, to be held on May 5, 1925. The result was unfavorable to the tax. On May 13 the board of education of the county held a meeting and rescinded the former action creating the consolidated district. On the same day during the same meeting the board adopted a motion consolidating into one school district described territory coincident with the former consolidated district, except that "approximately five square miles" of the former consolidated district was omitted. On the same day a petition was presented to the ordinary, requesting him to order an election for local school tax in the territory comprised within the limits of the school district created by the board of education on that day. Such an election was ordered by the ordinary, to be held on June 10, 1925. The result of the election was in favor of the tax. It appears that a number of those opposing the local tax resided in the territory omitted from the school district created on May 13, 1925. It is inferable that the change was made for the purpose of obtaining a vote favorable to the tax. The plaintiffs in this case, citing Civil Code of 1910, § 1535, which provides, "An election for the same purpose [local school tax] shall not be held oftener than every twelve months," insist that the election was illegal; that notwithstanding the elimination of a portion of the territory as indicated above, the consolidated district remained the same.

1. "The county board of education has the power, when the best interests of the schools of the county demand it, to separate or divide any school district into two or more school districts, and to provide for the election of a board of trustees for each of such districts, and to do all other things for the government and control of the districts as provided by statute for the organization and control of school districts. Acts 1911, pp. 94-104; Park's Ann. Civil Code, § 1565 (v)." *Tyson* v. *Board of Education of Carroll County,* 150 *Ga.* 247 (103 S. E. 158).

2. "Where the county board of education has duly divided one school district into two school districts, under the provisions of the above-cited act, one of the districts so created may have an election for local school taxation under the statute, although an election for such purpose has been held during the same year and failed to carry in the old district as constituted before the division." *Tyson* v. *Board of Education,* supra.

3.   On authority of *Stephens* v. *School District,* 154 *Ga.* 275
(6), 277 (114 S. E. 197), we hold that the action of the county
board of education in rescinding their former action creating the
consolidated school district, and at the same meeting creating
substantially the same district, can not be held by this court, as
a matter of law, to be a fraud, and that it did not render such
election void.

4.   The ruling here made is not to be construed as holding that
such change in a school district may not in some instances amount
to such fraud as to invalidate the election.

<div align="center">

*Judgment affirmed.   All the Justices concur.*